# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **JERROD D. JOHNSON** | **CIVIL ACTION NO. 14-2262-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **CHARLES R. SCOTT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jerrod D. Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 7, 2014. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Plaintiff names Charles R. Scott, Suzanne M. Owens, James Caldwell, and the State of Louisiana as defendants.

Plaintiff claims that on May 28, 2012, he sent a public record request to District Attorney Charles R. Scott seeking costs for the search warrant, affidavit in support, and the return by Detective Shannon McWilliams of the Bossier City Police Department which resulted in his arrest and prosecution under docket number 240612. He claims that on February 29, 2012, Assistant District Attorney Suzanne M. Owens responded to a previous request that he would have to purchase the entire District Attorney file at a cost of $5931.00.

He claims that on June 4, 2012, Owens sent him the same response.

Plaintiff claims that he filed a writ of mandamus.  He claims that on April 17, 2012,

he filed an opposition to setting a hearing without his presence in violation of his due process

rights.  He claims that on June 7, 2013, the District Attorney filed an answer.  He claims the

Louisiana Second Circuit Court of Appeal denied writs.  He claims that on June 20, 2014,

the Supreme Court of Louisiana denied writs.

Plaintiff claims the State of Louisiana through its courts has deprived him of equal

protection of its laws without due process by denying his right to be present at the

contradictory hearing concerning the arbitrary denial of specific public records.  He claims

the documents are needed as the basis of his ineffective assistance of counsel claim.

Accordingly, Plaintiff seeks declaratory and injunctive relief, monetary damages, and

costs.

## LAW AND ANALYSIS

Plaintiff claims he was denied specific public record documents because of the costs.

42 U.S.C. § 1983 creates a private right of action for redressing the violation of federal law

by those acting under color of state law. Ballard v. Wall, 413 F.3d 510, 518 (5th Cir.2005).

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for

vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271

(1994).

To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must show "(1) a deprivation of

a right secured by federal law (2) that occurred under color of state law, and (3) was caused

by a state actor." Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir.2004).

"[T]he first step in a § 1983 analysis is to identify the specific constitutional right involved." Oliver v. Scott, 276 F.3d 736, 744 n. 10 (5th Cir.2002). "'Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.'" Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 450 (5th Cir.1994). Thus, Plaintiff's allegation that he is entitled to relief because Defendants violated Louisiana's Public Record Law fails to state a claim for which relief may be granted.

Furthermore, inmates do not have a fundamental right to be present in court for civil matters. The trial court has the discretion to determine whether a prisoner-party in a civil action should personally appear in court for the trial of an action. Ballard v. Spardley, 557 F.2d 476 (5th Cir. 1977). Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the  time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 6th day of October 2015.

Mark L. Hornsby
U.S. Magistrate Judge